RICHARD PHILLIPS *v.* R. K. BONHAM and C. W. IVENS.

A party has a clear right of action, *ex contractu*, under a bond given for a writ of arrest, to the same
extent that would the owner of sequestered property have for the wrongful suing out of a writ of
sequestration, the condition of the bond being the same in both cases. Hence it is not necessary,
to entitle a party to recover *special damages* resulting from his illegal arrest, that he should allege
and prove malice and want of probable cause.

Where the defendants in making or procuring the arrest, acted under the advice of counsel given in
good faith, that they had a good cause of action against the defendant in said suit, and a legal
right to hold him to bail therefor—*Held :* That the defendants are not liable in damages.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.
*Mott & Fraser*, for plaintiff. *J. H. Vandalson* and *Durant & Hornor*, for defendants and appellants.

DUFFEL, J. The defendants are appellants from a judgment of the
Sixth District Court of New Orleans condemning them to pay five hundred dollars, for an illegal and malicious arrest of the plaintiff in a civil
action.

The writ, under which the arrest complained of was made, was quashed
on proof that the present plaintiff was a non-resident and had not absconded from his residence. One of the defendants, Ivens, was charged
*simply* because he was surety on the bond given by the other defendant,
Bonham, to obtain the arrest. The amount of this bond is $1950, and the
amount claimed in damages for the illegal arrest is $10,000, one-half as
special damages and the other half for "*personal indignity, &c.*" The
present plaintiff was bailed after having remained in the custody of the
Sheriff from one to six hours.

1st. The plaintiff has a clear right of action, *ex contractu*, under the
bond, to the same extent that would have the owner of sequestered property for the wrongful suing out of a writ of sequestration, the condition
of the bond being the same in both cases. C. P. Arts. 276 and 214 as
amended by the Act approved March, 15th 1856, p. 80; *Wm. Biggs v. D'A-
quin Brothers*, 13 An. 21. Hence it is not necessary, in order to entitle a
party to recover special damages resulting from his illegal arrest, that he
should allege and prove malice and want of probable cause. *Perrin* v.
*Planchard et al.*, 15 An. 133.

The only special damages proved in this case, is the sum of fifty dollars
paid to counsel to obtain the setting aside of the writ of arrest.

2dly. In an action for exemplary damages by reason of a malicious and
unfounded arrest, the plaintiff, in order to succeed, must prove both malice and the absence of probable cause; and we think that the plaintiff in
this case has failed as to one of the ingredients at least.

It is true that, in point of fact, there was no probable cause for the
arrest because the defendant, Phillips, was a non-resident; but Bonham
had a good cause of action in the ordinary form.

It is however in evidence, that the defendant, Bonham, was controlled,
or acted under the legal advice of an old practitioner at the bar; that,
although the plaintiff was in the habit of visiting New Orleans yearly, he
had, on this occasion, been in New Orleans with his family for nearly two
months, and had the intention of purchasing a sugar estate in Louisiana,

PHILLIPS
v.
BONHAM.

in fact he bases his claim for damages partly on the failure of his acquisition of the plantation in consequence of the arrest.

We therefore conclude, from all the surrounding circumstances of the case, that the defendant Bonham acted in good faith and without malice. *Edmond M. Gould* v. *Gardner, Sager & Co.*, 8 An. 11, and 11 An. 289; Greenleaf, vol. 2, § 459.

We must not be understood as conceding that a surety on a bond given to procure the arrest of a debtor can, when sued as such only, be mulcted in vindictive damages; we express no opinion on this point.

It is therefore ordered, that the judgment of the District Court be avoided and reversed; and it is further ordered, adjudged and decreed, that the plaintiff have judgment against the defendants, *in solido*, for the sum of fifty dollars, and the costs of the lower court; the costs of the appeal to be paid by the plaintiff and appellee.

VOORHIES, J., absent.